UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-00502-WCL-SLC ) |
| MOHLMAN ASSET MANAGEMENT, LLC, MOHLMAN ASSET MANAGEMENT FUND, LLC, AND LOUIS G. MOHLMAN, JR., | ) Judge William C. Lee ) ) Magistrate Judge Susan L. ) Collins ) ) |
| Defendants. | ) ) ) |

FINAL JUDGMENT AS TO DEFENDANT
MOHLMAN ASSET MANAGEMENT FUND, LLC

The Securities and Exchange Commission having filed a Complaint and Defendant Mohlman Asset Management Fund, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint, (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and

1

206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], while acting as an investment adviser, by use of the mails, or any means or instrumentality of interstate commerce, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206.4(2)(b)(4)(i)], while acting as an investment adviser, by use of the mails, or any means or instrumentality of interstate commerce, directly or indirectly to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including:

    (a) having custody of client funds or securities unless (1) the client assets under the custody of the adviser is subject to verification by a surprise examination at least once per year, occurring at different times every year, by an independent public accountant; or (2) if advising a pooled investment vehicle, as an alternative to

submitting to the surprise examination, the adviser distributes financial statements audited by an independent public accountant that were prepared in accordance with GAAP to fund investors within 120 days of the end of its fiscal year.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. §275.206(4)-7], while acting as an investment adviser, by use of the mails, or any means or instrumentality of interstate commerce, directly or indirectly to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including:

(a) failing to adopt and implement written policies and procedures reasonably designed to prevent violations, by the investment adviser and its supervised persons, of the Advisers Act and the rules that the Commission has adopted under the Advisers Act;

(b) failing to review, no less frequently than annually, the adequacy of the policies and procedures established and the effectiveness of their implementation; and

(c) failing to designate an individual (who is a supervised person) responsible for administering the written policies and procedures that the investment adviser adopted pursuant to Rule 206(4)-7.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206.4(8)] while acting as an investment adviser to a pooled investment vehicle, by use of the mails, or any means or instrumentality of interstate commerce, directly or indirectly to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including:

(a) making any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable, on a joint and several basis with Louis G. Mohlman, Jr. ("Mohlman"), for disgorgement of $862.03, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $75.34. Defendant shall satisfy this obligation by paying $937.37, representing disgorgement and prejudgment interest ordered in this matter, directly to Mohlman Asset Management Fund II, LLC within 30 days after the entry of this Final Judgment. Within 10 days of such payment, Defendant shall submit proof and supporting documentation of such payment (whether in the form of electronic payments or cancelled checks) in a form acceptable to the Commission's staff under a cover letter that identifies Defendant and the file number of these proceedings. The proof and supporting documentation shall be sent to Jonathan Polish, Senior Trial Counsel, 175 West Jackson Boulevard, Suite 1450, Chicago, Illinois 60604. Defendant shall further cooperate with any additional requests by the Commission's staff in connection with the proof and supporting documentation of such payment. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is also liable for a civil penalty, on a joint and several basis with Mohlman and Mohlman Asset Management, LLC ("MAM, LLC"), in the amount of $100,000 pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant shall satisfy this obligation by paying $100,000.00 to the Securities and Exchange Commission within one year after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mohlman Asset Management Fund, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action.  By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest  by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission may enforce the Court's judgment for civil penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the expiration of the one year period following the entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  January 17, 2018

                                       s/William C. Lee
                                      UNITED STATES DISTRICT JUDGE